# DAVID R. CUBBY, ESQ.
241 ½ South Main Street
Lead, SD 57754
(201)248-8730

February 13, 2025

**VIA JEFIS**
Hon. Eric C. Schulte, D.C.J.
United States District Court-
District of South Dakota
225 South Pierre Street
Pierre, SD 57501

        RE:    **David R. Cubby, Esq. v. City of Paterson**
              **Docket No.: 5:24-cv-05087**

Dear Judge Schulte:

The purpose of this letter is to request the withdrawal of the Order to Show Cause dated February 4, 2025 in the above captioned matter. In the alternative, **Plaintiff requests a case management conference to resolve any issues of jurisdiction or to otherwise establish a briefing and argument schedule for resolving them.**

**I. The Order to Show Cause is based upon false statements of fact.**

While Plaintiff concedes that it may not be immediately apparent in the Complaint, the Court has based its Order to Show Cause upon what are, regardless of intent, false statements of fact concerning the subject matter of the pleading.

In the Order to Show Cause, the Court incorrectly asserts that Plaintiff "does not allege that any of Defendants' alleged conduct occurred in South Dakota" (Order to Show Cause, at 1) and further on orders that "<u>because the Complaint lacks a connection to South Dakota</u> (emphasis added), Plaintiff must show cause why venue is proper in South Dakota and why this case should not be transferred to the Newark Division of the District of New Jersey. (Order to Show Cause, a 2).

Plaintiff objects to this language for multiple reasons, first and foremost being that it is patently false. Plaintiff has plead conduct that occurred within the State of South Dakota in multiple paragraphs, including but not limited to pages 7, 8, 27, 28-30, and 33 of the Complaint. Plaintiff asserts that in fact all of the conduct complained of has occurred in South Dakota; the Complaint clearly alleges that the State of New Jersey is depriving Plaintiff of his right to peacefully own firearms in the State of South Dakota, where they do not have jurisdiction. This is particularly compelling given the fact the Plaintiff is not even alleged to have engaged in conduct that would prevent his possessing firearms in this jurisdiction.

Plaintiff does not ask the Court to adjudicate the dozens of additional civil rights violations plead through the Statement of Facts found in the complaint. However, these pleaded facts are relevant to Plaintiff's case in South Dakota, as they demonstrate a complete refusal on the part of the State of New Jersey to follow any semblance of due process in their unlawful and highly unconstitutional conduct. The Court is permitted to take notice of the fact that the State of New Jersey is trying to deprive Plaintiff of his rights having never filed charges, having knowingly and intentionally violated court rules, and without conducting statutorily mandated hearings. In fact, the conduct of New Jersey officials in going out of their way to prevent hearings and avoid due process will permit this Court to treat most of Plaintiff's asserted facts as admissions.

Plaintiff could understand the Court being of the opinion that the Complaint lacks *sufficient* connections to South Dakota (although Plaintiff disagrees entirely). However, this is much different than a bare conclusion that the Complaint lacks a connection to South Dakota, which is entirely false.

**II. As written, the Order to Show Cause is a "loaded question."**

As discussed above, the Court has issued its Order to Show Cause based upon the faulty conclusion that the Complaint lacks a connection to South Dakota. The Court has not requested any briefing or heard any arguments on the issue. The Order itself effectively establishes this as the "law of the case," based upon the false assertion that the complaint "does not allege that any of Defendants' alleged conduct occurred in South Dakota." As such, as written, the Order to Show Cause is an order directing Plaintiff to provide *other* cause for this matter to remain in the jurisdiction of the United States District Court of South Dakota.

Of course, if there is no connection to South Dakota, there is no way this matter can remain in this jurisdiction. As such, the Court's order traps Plaintiff in a situation where it can treat this falsely asserted lack of a connection in the order as established fact and render any other cause Plaintiff shows as void or moot. Even if Plaintiff receives a favorable decision, the State of New Jersey has grounds to appeal on the fact that the Court had previously found in its order that the Complaint lacked a connection to South Dakota and the Court abused its discretion in allowing it to remain here anyway. Either way this language is problematic, and allowing the order to stand would not in any way serve the interests of judicial efficiency or timely processing of this case.

For the reasons discussed above, Plaintiff respectfully requests that the Court rescind its Order to Show Cause dated February 4, 2025, and in the alternative schedule this matter for case management. Of course in the event that the contents of this letter satisfies the Court's concerns regarding jurisdiction, Plaintiff does not find case management necessary.

                                                  Very truly yours

                                                  David R. Cubby, Esq.
                                                  Pro Se Litigant