UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAVID R. CUBBY<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PATERSON; STATE OF NEW JERSEY; COUNTY OF PASSAIC; COUNTY OF BERGEN; GOVERNOR PHIL MURPHY; CAMELIA VALDEZ; JERRY SPEZIALE; G&S HUNTERS; ALMA BANK; ALMA REALTY CORP.; FABIAN-ALEXANDRIA, LLC; RICHARD BLENDER; NINA SURICH; JOHN MEOLA; JOHN SEGRETO; DAVID STANZIALE; SOHAIL MOHAMED; BONNIE MIZDOL; KIM CITRINO; RYAN MORIARTY; STEPHEN BUDELMAN; CHARLES CENTINARO; DOMENICK STAMPONE; JOHN ABDELHADI;<br><br>Defendants. | 5:24-CV-05087-ECS<br><br><br>SUA SPONTE ORDER TRANSFERRING CASE TO THE NEWARK DIVISION OF THE DISTRICT OF NEW JERSEY |

David R. Cubby ("Plaintiff") filed this Complaint on November 26, 2024. Doc. 1. Plaintiff asserts various claims, including claims pursuant to 42 U.S.C. § 1983. Id. According to Plaintiff, he is "the target of a harassment campaign orchestrated by Defendants and several high ranking members of New Jersey municipal, county and state and county government, as well as the Federal District Court for the State of New Jersey." Doc. 1 at 2. Plaintiff alleges a litany of complaints against New Jersey prosecutors, law enforcement officials, and judges.

Defendants all appear to be residents of New Jersey. Id. at 9. Although Plaintiff claims to be a current resident of South Dakota, he does not assert that any of Defendants' alleged

1

conduct occurred in South Dakota. <u>See generally</u> <u>id.</u> Regardless, Plaintiff contends jurisdiction is "proper in the Federal District of South Dakota as the Federal District of New Jersey, the State of New Jersey, and the Counties of Passaic and Bergan have all shown uncompromising criminal bias against Plaintiff and refuse to acknowledge his right to due process." <u>Id.</u> at 8–9. Plaintiff also moved to proceed in forma pauperis ("IFP"). Doc. 2.

Because this Court found the Complaint lacking a substantial connection to South Dakota, it entered an Order to Show Cause Why the Case Should Not be Transferred, Doc. 6. Plaintiff responded requesting the withdrawal of the Court's order or, in the alternative, a case management conference to resolve any jurisdictional issues. Doc. 8 at 1. Plaintiff claims he "has plead conduct that occurred within the State of South Dakota in multiple paragraphs." <u>Id.</u> (citing Doc. 1 at 7, 8, 27–30, 33). The Complaint's references to Defendants' conduct or omissions in South Dakota, however, focus on Plaintiff moving to South Dakota, Doc. 1 ¶ 146, and Plaintiff sending a letter to certain Defendants requesting them to return his firearms, <u>id.</u> ¶¶ 152–53. Basically, Plaintiff asserts that since his constitutional rights are not being protected to his satisfaction by courts in New Jersey, he commenced this lawsuit in South Dakota, where he relocated after receiving adverse court rulings in New Jersey.

Because Plaintiff's response does not properly establish the actions or omissions he complains of occurred in South Dakota, the District of South Dakota is an improper venue for this action. Thus, pursuant to 28 U.S.C. § 1406(a), this Court transfers this case to the Newark Division of the District of New Jersey—the proper venue for Plaintiff's claims. This transfer is being made in the interest of justice.

## I.   Discussion

28 U.S.C. § 1406(a) allows "court[s] of a district in which is filed a case laying venue in the wrong division or district [to] dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a).  Although there is currently a pending IFP motion, courts in this circuit faced with similar circumstances have still considered transfer or dismissal under § 1406(a).[1]

> A proper venue for this action is:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff only alleges that he moved to South Dakota, Doc. 1 ¶ 146, and sent a letter to certain Defendants requesting his firearms back, id. ¶¶ 152–53.  Plaintiff's Complaint does not allege a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the District of South Dakota.  § 1391(b)(2).  Accordingly, the District of South Dakota is an improper venue for Plaintiff's claims.

---

[1] See, e.g., Fox v. Nicholson, No. 23CV544, 2023 WL 8806598, at *2 (D. Neb. Dec. 20, 2023) (dismissing complaint as venue was improper because no defendant resided in the district and "a substantial part of the events giving rise to the causes of action did not occur in [the] district."); Siruk v. Mazur, No. 21-CV-0054, 2021 WL 1795624, at *2 (D. Minn. Feb. 3, 2021) (recommending that "[t]he case be dismissed without prejudice for improper venue under 28 U.S.C. § 1391(b), and not be transferred as contemplated by 28 U.S.C. § 1404(a) because the interests of justice do not support transfer" and that the plaintiff's IFP motion be denied as moot), report and recommendation adopted, 2021 WL 1687174 (D. Minn. Apr. 29, 2021).

Having determined venue is improper in this district, this Court must either dismiss the case or transfer the case to a proper venue. See § 1406(a). "If the court transfers the case, the case must be sent to any district or division in which it could have been brought." Wells Fargo Bank, N.A. v. Caballero, No. 19-CV-04141, 2020 WL 907544, at *4 (D.S.D. Feb. 25, 2020) (cleaned up). "Although the decision to transfer or dismiss is committed to the court's discretion, 'the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal.'" Rare Breed Triggers, LLC v. Garland, 639 F. Supp. 3d 903, 912 (D.N.D. 2022) (quoting Frazier v. Eagle Air Med Corp., No. 21-CV-136, 2022 WL 1303070, at *9 (D.N.D. May 2, 2022)).

Pursuant to § 1391(b), this action may be heard in a venue where Defendants reside (New Jersey), in the venue where the issue substantially arose (New Jersey), or where the property that is the subject of the action (Plaintiff's firearms) is situated (New Jersey)–all of which appear to be located in the Newark Division of the District of New Jersey. Further, Plaintiff has commenced similar claims in the Newark Division of the District of New Jersey that were dismissed a month before he filed this case. See Cubby v. City of Paterson, No. 2:23-cv-02842-MCA-CLW, ECF No. 8 (D.N.J. Oct. 9, 2024), appeal docketed, No. 24-3216 (3rd Cir. Dec. 3, 2024). Plaintiff appealed the District of New Jersey's dismissal the same day he filed this case. See id. The Third Circuit is still considering Plaintiff's appeal. Therefore, the interest of justice is served by transferring this entire case, including the pending IFP motion, to the Newark Division of the District of New Jersey—a proper venue that is also familiar with Plaintiff's claims.

## II.   Order

Based on the record currently before this Court, it is hereby

ORDERED that this entire case be transferred to the Newark Division of the District of New Jersey.

DATED this 28th day of February, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE